Appellant was not a resident of Peoria county at the time of service of summons on him in this case but was only there in obedience to a subpœna issued in another case, with which appellee, the plaintiff here, had no connection, and while so involuntarily there he was served with summons in this case, and by proper plea he raised the question whether under those circumstances he was, as matter of law, found in Peoria county. A demurrer to this plea was sustained and he assigns error.

Whatever may be the holdings in other jurisdictions, it is settled law in this State that in the absence of fraud, artifice or trick on the part of appellee or some one acting for him, in order to obtain the service in question, appellant was properly found in Peoria county within the meaning of the statute. *Willard v. Zehr,* 215 Ill. 148, and authorities there cited. Therefore the court did not err in sustaining the demurrer to the plea.

The judgment is affirmed.

*Affirmed.*

---

# Amie I. Adams, Appellant, v. John Gordon, Appellee.

## Gen. No. 5,866.   (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CHARLES WHITNEY, Judge, presiding. Heard in this court at the October term, 1913. Transferred to Supreme Court. Opinion filed April 15, 1914.

### Statement of the Case.

Bill by Amie I. Adams against John Gordon praying for an injunction restraining defendant from interfering with her use of a path and well, claiming an easement therein. It appeared that defendant owned a

tract of land and conveyed a portion of the same to complainant's grantor, whose contract of sale gave him the right to use a well and its appurtenances and a path not exceeding eight feet in width leading to the well located on that part of the defendant's tract not sold, until such time as public water should be laid and installed in an adjoining public street or highway. The conveyance to complainant was by an ordinary warranty deed with no recital of easements or appurtenances. A demurrer was filed to complainant's bill, the demurrer was sustained and on complainant electing to stand by her bill the bill was dismissed for want of equity. To reverse the decree, complainant appeals.

SHEPARD, McCORMICK & THOMASSON, JOHN D. POPE, and PERRY S. PATTERSON, for appellant.

E. L. CLARKE, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 155*—*when suit concerning an easement involves a freehold.* On appeal from a decree dismissing a bill to restrain defendant from interfering with the use of a well and pathway on defendant's land, where the bill alleged that complainant's grantor granted such easement until public water should be laid in an adjoining street, *held* that the interest complainant was contending for was an easement for an indefinite time, which may be forever or may be during the life of the complainant, and therefore a freehold requiring an appeal to be taken to the Supreme Court.

WHITNEY, P. J., took no part in this decision.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.